**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUELO DEL CARMEN PERDOMO,<br><br>            Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. CV 16-3443-JPR<br><br>**MEMORANDUM DECISION AND ORDER AFFIRMING COMMISSIONER** |

**I. PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying her applications for Social Security disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation, filed February 22, 2017, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is affirmed.

## II. BACKGROUND

Plaintiff was born in 1962. (Administrative Record ("AR") 72.) She completed third grade in El Salvador and worked in this country cleaning hotel and motel rooms. (AR 39.)

On July 31, 2012, Plaintiff filed applications for DIB and SSI, alleging in each that she had been unable to work since January 4, 2011, because of headaches, blurred vision, and back, neck, and left-arm pain. (AR 61-62, 83-84.)[1] After her applications were denied initially and on reconsideration (AR 58, 60, 61-71, 83-93, 94-107, 122-35, 137-38), she requested a hearing before an Administrative Law Judge (AR 172). A hearing was held on November 3, 2014, at which Plaintiff, who was represented by counsel, testified through an interpreter; a vocational expert also testified. (AR 35-57.) In a written decision issued January 30, 2015, the ALJ found Plaintiff not disabled. (AR 9-34.) Plaintiff requested review from the Appeals Council, and on May 3, 2016, it denied review. (AR 1-3.) This action followed.

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra

---

[1] Plaintiff's concurrently filed application for widow's insurance benefits based on a "prescribed period" ending on August 31, 2013, was denied by the ALJ (AR 15-16), and that ruling is not challenged by Plaintiff here.

2

v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV. THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

A. The Five-Step Evaluation Process

The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is

3

currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, the claimant is not disabled and her claim must be denied. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[2] to perform her past work; if so, she is not disabled and the claim must be denied. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

---

[2] RFC is what a claimant can do despite existing exertional and nonexertional limitations. §§ 404.1545, 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

4

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Drouin, 966 F.2d at 1257. That determination comprises the fifth and final step in the sequential analysis. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

B. The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 4, 2011, the alleged onset date. (AR 18.) At step two, she found that Plaintiff had severe impairments of osteoarthritis of the neck, obesity, mild carpal tunnel syndrome "on the left," and depression. (Id.) At step three, she determined that Plaintiff's impairments did not meet or equal a listing. (Id.)

At step four, the ALJ found that Plaintiff had the RFC to perform light work except that she was literate but not fluent in English and was limited to simple tasks with no more than occasional contact with the public, coworkers, and supervisors. (AR 19-20.)

Based on Plaintiff's RFC and the VE's testimony, the ALJ found that she could perform her past relevant work as a "hotel housekeeper," DOT 323.687-014, 1991 WL 672783. (AR 27.) The ALJ noted that Plaintiff "actually performed" the light, unskilled job at the "light to medium level." (Id.) Referencing the VE's testimony, the ALJ compared Plaintiff's RFC to the physical and mental demands of the job and found that she could perform her

5

past work only as it was "generally performed." (Id.)
Accordingly, the ALJ found her not disabled, ending the
sequential evaluation process without reaching step five. (AR
27-28.)

**V.    THE ALJ'S FINDING THAT PLAINTIFF COULD PERFORM HER PAST
        RELEVANT WORK WAS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff argues that the ALJ erred in finding her capable of performing her past relevant work. (See J. Stip. at 3-8.) Specifically, Plaintiff argues that the ALJ mischaracterized her past relevant work as "housekeeper," DOT 323.687-014, 1991 WL 672783, a light-work job, when her actual job duties were more closely aligned with the DOT description of "housecleaner," DOT 323.687-018, 1991 WL 672784, a heavy-work job. (Id. at 5-6.) For the reasons stated below, the ALJ did not err.

A.    Relevant Background

Plaintiff's past job duties are described in relevant part in an initial disability report dated August 22, 2012 (AR 257-64), and a work-history report dated August 27, 2013 (AR 319-20). The initial disability report was completed by a Social Security field-office case worker who interviewed Plaintiff over the phone (see AR 253-55 (Aug. 22, 2012 disability report noting "teleclaim" interview conducted with Plaintiff)); the work-history report was completed by Plaintiff's counsel (AR 28, 253; see also J. Stip. at 4).

In the initial disability report, Plaintiff described her past work as hotel "cleaning maintenace [sic]." (AR 259.) The job purportedly required eight hours of walking; eight hours of standing; one hour each of sitting, climbing, stooping, and

6

crouching; three hours each of kneeling and crawling; and two hours of reaching each day. (AR 260.) Plaintiff was required to lift and carry towels and sheets; the heaviest weight she lifted was 20 pounds and she frequently lifted 10 pounds. (Id.)

In the work-history report, Plaintiff described her past work as "housekeeping - hotel" (AR 319), which involved cleaning hotel rooms, making beds, changing sheets, cleaning bathrooms and showers, and vacuuming carpets (AR 320). The job involved using "machines, tools, or equipment"; "frequent" walking, standing, climbing, stooping, kneeling, crouching, reaching; "frequent" handling, grabbing, or grasping big objects; "occasional" crawling and writing, typing, or handling small objects; and lifting less than 10 pounds frequently. (Id.) The heaviest weight Plaintiff lifted was 50 pounds. (Id.) The "lifting and carrying" duties of the job required that she "load [a] supply cart with cleaning items," including sheets and towels, and "push [a] supply cart to rooms to be cleaned." (Id.)

At the November 3, 2014 hearing, Plaintiff's counsel argued that the initial disability report had an "incorrect description" of Plaintiff's work history. (AR 37.) In her opening statement, she described Plaintiff's past relevant work as "a hotel maid or housekeeper" and alleged that she had to lift "as much as 10/20 pounds all the way up to 50 pounds." (AR 39.) Plaintiff testified that she worked "cleaning rooms" in "houses and hotels." (AR 42.) She either walked or stood and did not sit at all during the workday. (AR 44.) Her job required her to "take a cart filled with soap, various things" or "go to the storage or to the laundry room to get towels." (Id.) Both the linens and

7

the cart were "very heavy," requiring that Plaintiff lift up to 40 or 50 pounds and push "60 to 80 pounds" when the cart was full. (Id.)

The VE characterized Plaintiff's past relevant work as "hotel housekeeper, Code 323.687-014," "generally performed" as a light, unskilled job but performed by Plaintiff at the "light to medium" exertional level.[3] (AR 51-52 (referencing "Exhibit 13-E," Plaintiff's Aug. 2013 work-history report).) The ALJ asked the VE whether there was any conflict between that job "at light" exertion and the way it is typically performed and the VE responded that there was not. (Id.) The VE testified that a hypothetical individual with Plaintiff's RFC could perform her past relevant work of "hotel housekeeper" as it is "generally performed" but not as she actually performed it. (Id.) When questioned by Plaintiff's counsel, the VE testified that she had "done a lot of job analysis for [the housekeeper] job," and an individual limited to "six hours of standing and walking" could perform the job as "generally performed." (AR 53-55.)

In a posthearing brief, Plaintiff's counsel objected to the VE's classification of Plaintiff's past work as "housekeeper" and requested a supplemental hearing, arguing that "[p]er the claimant's description of her regular work duties," her past work was that of a "housecleaner," DOT 323.687-018, a heavy-work, unskilled job. (AR 386.) The ALJ denied Plaintiff's request for

---

[3] The VE contrasted Plaintiff's past relevant work of "hotel housekeeper" with her past job "cleaning houses," which was not performed at a substantial gainful level and therefore not considered by the VE in her analysis. (See AR 51.)

a supplemental hearing to address the issue. (AR 28.)

An individual performing the job of "cleaner, housekeeper," DOT 323.687-014, 1991 WL 672783, the light-work job the VE identified and the ALJ found to be Plaintiff's past work,

> [c]leans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of [the] following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) I Master Title.

1991 WL 672783. The "alternate title" for the job is "maid," and it can be designated according to type of establishment or area cleaned, such as "[m]otel [c]leaner (hotel & rest.)." Id.

An individual performing the job of "housecleaner," DOT 323.687-018, 1991 WL 672784, the heavy-work job Plaintiff claims better describes her past work,

> [p]erforms any combination of [the] following duties to maintain hotel premises in [a] clean and orderly manner: Moves and arranges furniture. Turns mattresses. Hangs draperies. Dusts venetian blinds. Polishes metalwork. Prepares sample rooms for sales meetings. Arranges decorations, apparatus, or furniture for banquets and social functions. Collects soiled linens for laundering, and receives and stores linen supplies in linen closet.

9

   Performs other duties as described under CLEANER (any
   industry) I Master Title. May deliver television sets,
   ironing boards, baby cribs, and rollaway beds to guests
   rooms. May clean swimming pool with vacuum. May clean
   and remove debris from driveway and garage areas.

1991 WL 672784. The "alternate titles" for the job are "hall cleaner," "mover," and "night cleaner," and it can be designated according to specialization, such as "curtain cleaner," "linen-room worker," "porter, lobby," or "vacuum worker." Id.

  In her January 30, 2015 decision, the ALJ characterized Plaintiff's past work as that of a "hotel housekeeper," DOT 323.687-014, which Plaintiff "actually performed at the light to medium level." (AR 27.) Noting the VE's testimony that an individual with Plaintiff's RFC could perform the past work as it was "generally performed," the ALJ so found. (Id.) The ALJ noted Plaintiff's objections to the accuracy of the initial disability report and overruled them, finding that Plaintiff "provided the responses to the questions" in the report and that her "testimony about the amount of weight she lifted in her past work changed" after her attorney completed the work-history report. (AR 28.) The ALJ gave "great weight" to the VE's opinion. (Id.)

  B. <u>Applicable Law</u>

  At step four of the five-step disability analysis, a claimant has the burden of proving that she cannot return to her past relevant work, as both actually and generally performed in the national economy. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844 (9th Cir. 2001); §§ 404.1520(f), 416.920(f). Although the burden of

proof lies with the claimant at step four, the ALJ still has a duty to make factual findings to support her conclusion. Pinto, 249 F.3d at 844. In particular, the ALJ must make "specific findings of fact" as to "the individual's RFC," "the physical and mental demands of the past job/occupation," and whether "the individual's RFC would permit a return to his or her past job or occupation." Ocequeda v. Colvin, 630 F. App'x 676, 677 (9th Cir. 2015) (citing SSR 82-62, 1982 WL 31386, at *4 (1982)).

Although the claimant is the "primary source for vocational documentation," the ALJ may use the VE to assist in the step-four determination as to whether the claimant is able to perform her past relevant work. Id.; see §§ 404.1560(b)(2), 416.960(b)(2) (at step four, VE's testimony "may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work"). "Adequate documentation of past work includes factual information about those work demands," and "[d]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained . . . . from the claimant, employer, or other informed source." SSR 82-62, 1982 WL 31386, at *3.

Lastly, the ALJ can properly discharge her responsibility by comparing the specific physical and mental demands of the claimant's past relevant work with her actual RFC. Pinto, 249 F.3d at 844-45; see SSR 82-62, 1982 WL 31386, at *2 (step four "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of his or her [past relevant work] to determine whether the individual can still do that work").

To ascertain the requirements of occupations as generally performed in the national economy, the ALJ may rely on VE testimony or information from the DOT. SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000) (at steps four and five, SSA relies "primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy" and "may also use VEs . . . at these steps to resolve complex vocational issues"); SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982) ("The [DOT] descriptions can be relied upon — for jobs that are listed in the DOT — to define the job as it is <u>usually</u> performed in the national economy." (emphasis in original)). "Neither the DOT nor the VE . . . automatically 'trumps' when there is a conflict." SSR 00-4P, 2000 WL 1898704, at *2; <u>see also</u> <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995) (noting that DOT "is not the sole source of admissible information concerning jobs" (alteration and citations omitted)).

When a VE provides evidence at step four or five about the requirements of a job, the ALJ has a responsibility to ask about "any possible conflict" between that evidence and the DOT. <u>See</u> SSR 00-4p, 2000 WL 1898704, at *4; <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1152-54 (9th Cir. 2007) (holding that application of SSR 00-4p is mandatory). When such a conflict exists, the ALJ may accept VE testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." <u>Pinto</u>, 249 F.3d at 846 (citing <u>Johnson</u>, 60 F.3d at 1435); <u>see also</u> <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1042 (9th Cir. 2008) (finding error when "ALJ did not identify what aspect of the VE's experience warranted deviation from the DOT").

Jobs are classified as "sedentary, light, medium, heavy, and very heavy" according to their "physical exertion requirements." §§ 404.1567, 416.967. "Light work" generally involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," though "the weight lifted may be very little." §§ 404.1567(b), 416.967(b). "Medium work" involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." §§ 404.1567(c), 416.967(c). "Heavy work" involves "lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." §§ 404.1567(d), 416.967(d).

C.  Analysis

The ALJ's classification of Plaintiff's past relevant work as "hotel housekeeper," DOT 323.687-014, and her finding that Plaintiff was "capable of performing" that job "as generally performed" are supported by substantial evidence. (AR 27.)

The ALJ properly relied on the VE's characterization of Plaintiff's past work. Plaintiff argues that the ALJ improperly rejected her work-history report and hearing testimony and instead relied on the description of her past work from the August 22, 2012 initial disability report, which was, according to Plaintiff, "completed by an unidentified individual" with "no indication" that it was "translated to Plaintiff who is not fluent in English" or that "she was given an opportunity to review, correct and sign" it. (J. Stip. at 4-5.) In relevant part, the August 2012 report described Plaintiff's past work as "cleaning maintenace [sic]," requiring her to lift up to 20

13

pounds occasionally and 10 pounds frequently. (AR 259-60.) Instead of crediting that report, Plaintiff argues, the ALJ should have relied on her work-history report — which, in relevant part, labeled her past work as "hotel housekeeping," described work activities of cleaning hotel rooms, making beds, changing sheets, cleaning bathrooms and showers, and vacuuming carpets, and noted that she was required to lift less than 10 pounds frequently and up to 50 pounds — and her hearing testimony, which labeled her past work as "hotel maid or housekeeper," described work activities of cleaning rooms, loading and pushing a cart of supplies, and retrieving clean towels and linens and noted that she was required to lift "up to 40 or 50 pounds" and push "60 to 80 pounds." (AR 39-44.)

After listening to her testimony and specifically considering her work-history report, the VE classified Plaintiff's past work as a "hotel housekeeper," performed by Plaintiff as a "light to medium" job. (AR 51-52 (citing "Exhibit 13-E," Plaintiff's Aug. 2013 work-history report).) Contrary to Plaintiff's argument, the VE apparently did not rely on the August 22, 2012 report: she based her findings on Plaintiff's later work-history report and hearing testimony. (AR 52.) Indeed, the VE's opinion that Plaintiff performed her past work at the "light to medium" level clearly indicates that she at least partially credited Plaintiff's later description of lifting up to 50 pounds. And although the ALJ overruled Plaintiff's objection that the August 2012 report was incorrect (see AR 28), she nonetheless gave "great weight" to the VE's opinion, which did not rely on the earlier report.

14

Further, there is no apparent conflict between Plaintiff's hearing testimony and work-history report and the "cleaner, housekeeping" job as performed at the "light to medium" exertion level. Plaintiff described lifting 50 pounds at most (see AR 44, 320); the VE testified that she performed the "housekeeper" job at a "light to medium" exertional level, which by definition would involve "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," see §§ 404.1567(c), 416.967(c). Plaintiff reported that she cleaned hotel rooms, made beds and changed sheets, cleaned bathrooms, vacuumed carpets, loaded a cart with cleaning supplies, pushed the cart to and between rooms, lifted linens, and retrieved towels and linens from a storage location (see AR 39-44, 320); an individual performing the "cleaner, housekeeping" job "cleans rooms . . . such as hotels," "[m]akes beds," "[r]eplenishes supplies," and "carries linens," see DOT 323.687-014, 1991 WL 672783.

The job description suggested by Plaintiff, "housecleaner," has almost no overlap with Plaintiff's reported past job duties: it is a "heavy work" job, involving "lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." See §§ 404.1567(d), 416.967(d). But Plaintiff does not allege that she was required to lift 50 pounds frequently or lift more than that amount even occasionally. The job duties of "housecleaner" include moving and arranging furniture; turning mattresses; hanging draperies; dusting blinds; polishing metalwork; preparing rooms for meetings; arranging rooms for banquets and social functions; delivering large items

15

such as televisions, cribs, and roll-away beds to guest rooms; cleaning swimming pools; and cleaning and removing debris from outside areas. See DOT 323.687-018, 1991 WL 672784. But Plaintiff does not describe her past work as including any of those activities. And although the "housecleaner" job also involves "collect[ing] soiled linens for laundering" and "receiv[ing] and stor[ing] linen supplies in linen closet," activities that somewhat overlap with Plaintiff's purported past duties of loading a supply cart with sheets (AR 320) and going to the laundry room to get towels (AR 42), those activities are sufficiently covered by the "housekeeper" duties of "carr[ying] linens" and "replenish[ing] supplies."[4]

Finally, substantial evidence supported the ALJ's finding that Plaintiff could perform the "cleaner, housekeeping" job as generally performed. The ALJ asked the VE whether any conflict existed between that job "at light" exertion and the way it is typically performed, and the VE responded no. (AR 52.) The ALJ compared Plaintiff's RFC, to which she does not object, to the "physical and mental demands" of the "hotel housekeeper" job and found that Plaintiff was able to perform it as "generally performed." (AR 27.) Indeed, no apparent conflict exists between Plaintiff's RFC and the DOT job description for "cleaner,

---

[4] To the extent any conflict existed between the "housekeeper" job and Plaintiff's description of her past work duties, the ALJ discredited her later statements regarding the "amount of weight she lifted in her past work" and found her statements "concerning the intensity, persistence and limiting effects" of her symptoms "not entirely credible," a finding that Plaintiff does not challenge. (See AR 20, 28; J. Stip. at 5.) Thus, no error occurred even were Plaintiff's argument that the ALJ relied on the initial disability report true.

16

housekeeping." Plaintiff has the RFC for light work with certain nonexertional limitations (AR 20); the job of housekeeper is a light-work job. She is limited to simple tasks (id.); the job of housekeeper requires "level-one" reasoning, which is "the lowest rung on the development scale," requiring "only the slightest bit of rote reasoning." Meissl v. Barnhart, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005); DOT, app. C, 1991 WL 688702. She is limited to no more than occasional contact with the public, coworkers, and supervisors (AR 20); other than "render[ing] personal assistance to patrons," all of the activities performed by a housekeeper appear to be performed away from other people. She is literate but not fluent in English (id.); the housekeeper job requires level-one language skills, which is the lowest level of language development contemplated by the DOT, see DOT, app. C, 1991 WL 688702; cf. Meza v. Astrue, No. C-09-1402-EDL, 2011 WL 11499, at *21 (N.D. Cal. Jan. 4, 2011) (rejecting argument that illiterate Spanish-speaking plaintiff was incapable of performing work requiring level-one language development, and collecting cases). Substantial evidence derived from Plaintiff's own work-history report and testimony supports the finding that she can perform the job of hotel housekeeper as it is described in the DOT.

Plaintiff cites Pinto and Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155 (9th Cir. 2008), for the proposition that an ALJ may not rely on a "generic" occupational classification of work to find a claimant capable of performing her past work. (J. Stip. at 6-7.) That argument lacks merit. Here, unlike in Pinto and Carmickle, the VE provided a specific job description and classification directly applicable to

17

Plaintiff's past work cleaning hotel rooms and found that she could perform the job as it is generally performed in the national economy. Although it is correct, as Plaintiff claims, that reliance on a "generic occupational classification" is not likely to be a reliable source for finding a claimant able to perform her past work, reliance on a DOT job description to determine "[w]hether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy" is. SSR 82-61, 1982 WL 31387, at *2.

Here, the VE testified that Plaintiff's past relevant work was as a "hotel housekeeper, Code 323.687-014," which corresponds to the "cleaner, housekeeping" job description in the DOT. (AR 51.) The "alternate title" for the job is "maid," and it can be designated according to type of establishment cleaned. DOT 323.687-014, 1991 WL 672783. "Hotel housekeeper" is not a "generic classification"; the VE even tailored the "cleaner, housekeeping" job to the type of establishment Plaintiff cleaned. See Pinto, 249 F.3d at 846 (noting that definition of "Packager, Hand" in DOT "contains more than two dozen different possible jobs"); Carmickle, 533 F.3d at 1167 (finding error in part because VE "failed to specify a DOT classification, instead generically referring to the position as a 'counter sales position' or 'customer service job'"). In fact, the VE testified that she had "done a lot of job analysis" for the "housekeeper" job and had performed "job analysis in smaller hotel settings like a motel and then in larger settings such as the Hilton setting." (AR 53, 55.) The ALJ properly relied on the VE's

specific expertise. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1218 (9th Cir. 2005).[5]

Accordingly, remand is not warranted.

**VI. CONCLUSION**

Consistent with the foregoing and under sentence four of 42 U.S.C. § 405(g),[6] IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner, DENYING Plaintiff's request for remand, and DISMISSING this action with prejudice.

DATED: June 19, 2017

<u>JEAN ROSENBLUTH</u>
JEAN ROSENBLUTH
U.S. Magistrate Judge

---

[5] Plaintiff also argues that the VE improperly classified her past work "based on the least demanding functions of her past work." (J. Stip. at 7.) But as explained above, Plaintiff's own descriptions of her work in the work-history report and her hearing testimony match the job description of "cleaner, housekeep[er]" as performed at a light to medium level.

[6] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

19